UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINE BARTLETT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>    Defendant. | Case No. 23-cv-04123-PCP<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 35, 43 |

This is the third of four related cases in which putative classes of California public school teachers claim that insurance companies charged fees for deferred indexed annuity plans in violation of Sections 25101 and 25107 of the California Education Code and the California Unfair Competition Law. The Court addressed this statutory framework in depth in the first of these cases, *Hoffman v. Life Insurance Company of the Southwest*, ⎯⎯ F. Supp. 3d. ⎯⎯, 2024 WL ⎯⎯⎯⎯ (N.D. Cal. 2024) (Dkt. No. 80 in Case No. 23-cv-04068). This order assumes familiarity with that background and analysis and applies the same legal standards to the similar claim here against defendant North American Company for Life and Health Insurance.

Plaintiffs' UCL unlawful prong claim is based on an alleged violation of Section 25107, which provides that "[a] vendor may not charge a fee associated with a registered 403(b) product that is not disclosed, pursuant to Section 25101." The complaint alleges that North American routinely charges fees on its 403(b) products which are not disclosed on 403bCompare.com. The complaint asserts that this conduct also violates the unfair prong of the UCL.

Plaintiff Cohen alleges that he purchased a plan that North American never registered. As discussed in *Hoffman*, however, Section 25107 only prohibits charging fees associated with *registered* plans. Plaintiffs cannot establish a Section 25107 violation based on unregistered plans.

1  The three other named plaintiffs allege that they purchased plans that were registered, and assert
2  that the cap, spread, and/or participation rates that applied to their plans violated Section 25107.
3  This argument fails because, as explained in *Hoffman*, these rates are not fees and their application
4  does not violate Section 25107. Plaintiffs' claim under the UCL's unlawful prong for these alleged
5  Section 25107 violations are therefore dismissed without leave to amend. The claim that this same
6  conduct violates the UCL's unfair prong is dismissed with leave to amend for the reasons
7  explained in *Hoffman*.

That leaves plaintiff Blisten's claim based on the 1.5% "strategy fee" rider. Blisten alleges that the associated plan was registered but that this fee was not disclosed on 403bCompare.com. As with plaintiff Krimbow's rider fee claim in *Hoffman*, Blisten has adequately pleaded a Section 25107 violation and established an economic injury that provides UCL standing. North American's motion to dismiss Blisten's claims under both the unlawful and unfair prongs of the UCL is therefore denied to the extent they are based on this rider fee.

Finally, North American's request for judicial notice of the plaintiffs' annuity contracts is denied for the reasons set forth in *Hoffman*. Its requests for judicial notice of publicly available SEC forms and publications and the definition of "fee" from Black's Law Dictionary are granted. Plaintiffs' request for judicial notice, nearly identical to their request in *Hoffman*, is also granted.

\*     \*     \*

In sum, plaintiff Blisten's UCL claim based on rider fees is adequately pleaded. Plaintiffs' claim under the UCL's unlawful prong is otherwise dismissed without leave to amend, and the claim under the unfair prong is dismissed with leave to amend. An amended complaint, if plaintiffs choose to file one, will be due August 8, 2024.

**IT IS SO ORDERED.**

Dated: July 17, 2024

P. Casey Pitts
United States District Judge